United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIE BALLENGER,

Plaintiff,

v.

WEEKEND HEALTH, INC., WW INTERNATIONAL, INC., et al.,

Defendants.

Case No. 26-cv-05222-MMC

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Before the Court is plaintiff Marie Ballenger's ("Ballenger") "Motion to Remand," filed July 1, 2026. Defendants Weekend Health, Inc. ("WH, Inc.") and WW International, Inc. ("WWI, Inc.") have filed opposition, to which plaintiff has replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, hereby rules as follows.[1]

**BACKGROUND**

On April 2, 2026, Ballenger filed the instant action against defendants WH, Inc. and WWI, Inc. in the Superior Court of the State of California, County of San Francisco. (See Doc. No. 1 ("Notice of Removal") Ex. A ("Complaint").)

On June 1, 2026, defendants filed, pursuant to 28 U.S.C. § 1441, a "Notice of Removal" predicated on diversity jurisdiction. (See Notice of Removal ¶¶ 7-11.)

By the instant motion, plaintiff seeks an order remanding the above-titled action to the Superior Court of the State of California, County of San Francisco, on the asserted

[1] By prior order, the Court took the matter under submission. (See Doc. No. 21.)

ground that the district court lacks diversity jurisdiction.

## LEGAL STANDARD

"Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009). District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." See 28 U.S.C. § 1332(a).

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas, 553 F.3d at 1244. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." See 28 U.S.C. § 1447(c). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction," however, "a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." See Arias v. Residence Inn by Marriott, 936 F.3d 920, 924 (9th Cir. 2019).

## DISCUSSION

"For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states." Rainero v. Archon Corp., 844 F.3d 832, 839 (9th Cir. 2016).

Here, the parties do not dispute the amount in controversy exceeds $75,000 (see Notice of Removal ¶¶ 23-38) or that Ballenger is a citizen of California (see Complaint ¶ 5; see also Notice of Removal ¶ 12). Their dispute concerns whether WH, Inc. remains as a defendant and the citizenship of any assertedly proper defendant.

As to the first issue, defendants assert WH, Inc. "statutorily converted to Weekend Health, LLC" under Delaware law. (See Doc. No. 18 ("Opp.") at 1:4-20) (emphasis added).

In support thereof, defendants offer evidence that WWI, Inc., on June 20, 2025, as

"the sole stockholder" of WH, Inc., executed a "Limited Liability Company Agreement" that (a) "approved…the conversion of [WH, Inc.] to a limited liability company" under Delaware law, (b) specified that "[t]he name of the limited liability company…is Weekend Health, LLC" ("WH, LLC"), and (c) identified WWI, Inc. "as the sole member" of the newly-formed WH, LLC. (See Doc. No. 18-1 ("Torres Decl.") Ex. A at 6.) Said agreement provided that WH, LLC "shall constitute a continuation of the existence of [WH, Inc.] in the form of a Delaware limited liability company" and that WH, LLC "shall be deemed to be the same entity" as WH, Inc (see id. ¶ 2), and that WH, LLC's "principal business office…shall be located…in New York, NY" (see id. ¶ 5) and its "registered office…is… Wilmington, DE" (see id. ¶ 6).

Additionally, defendants offer evidence that WH, Inc., on June 20, 2025, filed with the Delaware Secretary of State a "Certificate of Conversion from a Corporation to a Delaware Limited Liability Company," certifying the conversion of "Weekend Health, Inc." to "Weekend Health, LLC," which, that same date, filed a "Certificate of Formation of Limited Liability Company," certifying the formation of "Weekend Health, LLC" as a limited liability company formed under the laws of the State of Delaware. (See id. Ex. B.)

Nevertheless, Ballenger argues, she is "entitled to rely on the accuracy of th[e] information" in a document subsequently filed with California Secretary of State by WH, Inc. (See Doc. No. 20 ("Reply") at 3:25-26.) In particular, Ballenger cites to a "Statement of Information" filed by WH, Inc. with the California Secretary of State on July 16, 2025,[2] listing San Francisco, California, as its "principal office" and New York and San Francisco addresses for its officers. (See Doc. No. 16 Ex. 1.) Ballenger contends "[d]efendants should…be estopped from now disavowing the very representation [they] placed in the public record over one year ago and failed to correct" (see Reply at 7:20-23) because,

---

[2] Ballenger's request for judicial notice of WH, Inc.'s Statement of Information is hereby GRANTED. See Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (holding "[i]t is appropriate to take judicial notice of…information…made publicly available by government entities").

United States District Court
Northern District of California

"[i]n preparing her Complaint, [she] reviewed and relied upon WH, Inc.'s own public filings with the California Secretary of State" (see id. at 8:3-4).[3] In that regard, defendants have submitted a declaration from Madeline Torres ("Torres"), WWI, Inc.'s "VP of People," stating that, due to "an administrative error," the filing with the California Secretary of State "is outdated and incorrect," and that WH, LLC "inadvertently listed its name as 'Weekend Health, Inc.,'" and "did not properly reflect its conversion." (See Torres Decl. ¶ 5.)[4]

Given the totality of the above circumstances, the Court finds defendants have shown by a preponderance of the evidence that, both at the time Ballenger filed her complaint and at the time defendants filed their Notice of Removal, WH, Inc. had already converted to WH, LLC. The Court next turns to the citizenship of WH, LLC.

For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Here, defendants offer evidence that WWI, Inc., a corporation, is "Weekend Health, LLC's sole member." (See Torres Decl. ¶ 8.) "For purposes of determining diversity jurisdiction, a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." See 3123 SMB LLC v. Horn, 880 F.3d 461, 462-63 (9th Cir. 2018) (citing 28 U.S.C. § 1332(c)(1)). A corporation's "'principal place of business' refers to the place where the corporation's high level officers direct, control, and

---

[3] Ballenger, citing 28 U.S.C. § 1447(e), also contends that, in the event the Court finds complete diversity exists, it should "permit joinder" of her alleged "individual harasser and remand this action to state court." (See Reply at 9:2-27.) As Ballenger first raised such argument in her Reply, the Court does not at this time consider it. See Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 843 n.6 (9th Cir. 2004) (declining to consider argument raised for first time in reply; noting opposing party lacked opportunity to respond).

[4] Ballenger's objection to the Torres Declaration is hereby OVERRULED. Given her status as a Vice President of the parent company of WH, Inc. and WH, LLC, a sufficient showing has been made as to her access to and familiarity with the information she provides.

United States District Court
Northern District of California

coordinate the corporation's activities." See Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010).

Here, defendants rely on WWI, Inc.'s "Statement of Information," filed with the California Secretary of State on April 15, 2026,[5] identifying Virginia as its state of incorporation (see Torres Decl. Ex. C; see also Torres Decl. ¶ 8 (stating WWI, Inc. "was…formed as a corporation in Virginia"), and listing "675 Avenue of the Americas, New York, NY 10010," as its "Principal Office" as well as "Mailing Address," and listing "18 W. 18th St., 7th Floor, New York, NY 10011" as the address for its Chief Executive Officer, Chief Financial Officer, and Secretary (see id.). Consistent therewith, Torres states WWI's "corporate and business activities are directed, controlled, and coordinated from [WWI's] New York headquarters." (See Torres Decl. ¶ 8.)

Given the above-referenced evidence, the Court finds WH, LLC is not a resident of California, and, consequently, complete diversity exists between the parties.

**CONCLUSION**

For the reasons stated above, plaintiff's Motion to Remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 25, 2026

MAXINE M. CHESNEY
United States District Judge

[5] The Court takes judicial notice of WWI, Inc.'s Statement of Information. See Daniels-Hall, 629 F.3d at 998.